IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Edward L. Scherer;** | ) |
| **Individually, and on behalf of all others** | ) |
| **similarly situated,** | )    Civil Action |
|     **Plaintiffs,** | )    File No. |
| | ) |
| **v.** | ) |
| | ) |
| **Frost Bank,** | )    Jury Trial Demanded |
|     **Defendant.** | ) |

**ORIGINAL CLASS ACTION COMPLAINT AND
MOTION FOR INJUNCTIVE RELIEF**

COMES NOW CLASS PLAINTIFF, Edward L. Scherer ("Plaintiff" or "Mr. Scherer"), on behalf of himself and the Class, and in the public interest, and brings this class action complaint against Frost Bank ("Defendant" or "Frost Bank"). Plaintiff would respectfully show the Honorable Court as follows:

**I.
INTRODUCTION**

1.   At an unprecedented time of severe national need, Frost Bank chooses privileged discriminatory policies driven by corporate greed over the recognized and urgent needs of America's small businesses.

2.   Authorized by Congress and the President of the United States under the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ("CARES Act") and its loan programs to administer billions of dollars in federal funding to small businesses in a fair, equitable and uniform manner, Defendant implemented a loan process that unlawfully prioritized its existing business clients at the expense of not only its own clients without business checking accounts, but also other small businesses from applying for funds from the governmental loan program.

1

3. Nothing in the CARES Act authorizes or permits the Defendant to pick and choose who would gain access to, or benefit from, the federally backed lending program. And, the priority of access to these limited funds is material – the demand is overwhelming as America responds to the economic tsunami of COVID-19 upon small businesses. There is no justification for requiring small businesses who did not have a Frost Bank business checking account as of April 1, 2020, to go to the end of the line and suffer the inevitable consequence of the first-come-first-served system that has been implemented under the CARES Act. It is no secret that the overwhelming and immediate demand for assistance under the CARES Act will cause the allocated $349 billion to quickly run out. Worse yet, Frost Bank's decision unjustly benefitted its business clientele at the expense of Plaintiff and members of the Class, barring them from receiving the much-needed forgivable loan funds that Congress and the President made available to them.

4. Plaintiff Scherer brings this action on behalf of himself and his small business, and all others similarly situated, against Frost Bank for its brazen violations of the CARES Act and the Small Business Administration's ("SBA") 7(A) loan program, 15 U.S.C. § 636(a). Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and a preliminary and permanent injunction pursuant to 28 U.S.C. § 2202.

5. The Paycheck Protection Program ("PPP"), which is part of the $2 trillion stimulus package created by the CARES Act in response to the COVID-19 pandemic signed into law on March 27, 2020, empowers lenders (and only lenders) to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses for small businesses across the U.S. In most cases, a large portion of these loans intend to be forgiven.

6. Frost Bank – creating an improper and unlawful restriction on PPP loans – is refusing to accept PPP loan applications unless the small business applicant had an established business checking account with Frost Bank as of April 1, 2020. Defendant is unlawfully

prioritizing these existing customers by making "PPP loans to existing business checking customers with accounts open as of April 1, 2020", and shutting out other businesses who equally qualify under the PPP and CARES Act.

7. In essence, Frost Bank has denied access to the PPP program to small businesses that do not have a commercial banking relationship with the bank. Plaintiff was thus prohibited by Frost Bank from even applying for a PPP loan with Frost Bank, despite otherwise meeting the statutory requirements for a PPP loan.

8. Although not material to this class action, Frost Bank's purpose and motivation behind its discriminatory practice is transparent – it is prioritizing its balance sheet by supporting preexisting customers, in many cases with preexisting commercial loans issued by Frost Bank, through the PPP program at the expense of qualifying small businesses who do not have a prior and existing relationship with Frost Bank.

9. Senators Marco Rubio (R.-Fla.) and Ben Cardin (D.-Md.) have already chastised other banks, including Bank of America, for imposing criteria not found in the law and selectively choosing who can apply.

10. Frost Bank's discriminatory practices are abhorrent and in violation of federal law. In this time of critical and severe national need that the U.S. Government recognized and immediately acted upon, Frost Bank's discriminatory practices can only be described as corporate greed, highly offensive and illegal.

## II.
## JURISDICTION AND VENUE

11. Plaintiff, on behalf of himself and the Class, brings this action pursuant to the CARES Act, a federal statute. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332(d). Furthermore, there are members of the Class who are citizens of

states other than the state of citizenship of Defendant, and the amount in controversy exceeds five million ($5,000,000) dollars exclusive of interest and costs.

12. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391(a) and (c) because Frost Bank conducts business in the State of Texas, and in this District.

## III.
## THE PARTIES

13. Plaintiff, Edward L. Scherer, is a sole proprietor owning a small business. Plaintiff resides in, and his business is located in, Harris County, Texas. Plaintiff is a small business that qualifies as an eligible applicant for a PPP loan under the CARES Act.

14. Defendant Frost Bank is a national bank organized under the laws of Texas, with its principal executive offices at 111 W. Houston Street, San Antonio, Texas 78205. In its most recent SEC Form 10-K filed with the Securities and Exchange Commission for the fiscal year 2019, Frost Bank's parent corporation, Cullen/Frost Bankers, Inc., states that Frost Bank is the principal operating subsidiary and sole banking subsidiary of Cullen/Frost Bankers, Inc., and that Frost Bank is a Texas-chartered bank primarily engaged in the business of commercial and consumer banking through approximately 142 financial centers across Texas in the Austin, Corpus Christi, Dallas, Fort Worth, Houston, Permian Basin, Rio Grande Valley and San Antonio regions.[1] As of December 31, 2019, Frost Bank had consolidated total assets of $34.1 billion and total deposits of $27.7 billion and was one of the largest commercial banks headquartered in the State of Texas. *Id.* Frost Bank has transacted and continues to transact business in this Southern District of Texas.

---

[1] Cullen/Frost Bankers, Inc.'s Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended December 31, 2019 (commonly known as a 10-K filing)

## IV.
## FACTUAL ALLEGATIONS

15. The CARES Act is the largest economic relief bill in U.S. history and will allocate $2.2 trillion in support to individuals and businesses affected by the coronavirus pandemic and resulting economic downturn.

16. As part of the relief provided, the CARES Act expands the eligibility criteria for borrowers to qualify for loans that are available through the SBA by adding the PPP to the SBA's gamut of loan programs.

17. The PPP provides federally-guaranteed loans up to a maximum amount of $10 million to eligible businesses, which can be conditionally forgivable, to encourage businesses to retain employees through the COVID-19 crisis by assisting in the payment of certain operational costs. To accommodate for this SBA expansion, the CARES Act has authorized commitments to the SBA 7(a) loan program, as modified by the CARES Act, in the amount of $349 billion.

18. Eligible individuals and entities under the PPP include small businesses and eligible nonprofit organization, Veterans organizations, and Tribal businesses described in the Small Business Act, as well as individuals who are self-employed or are independent contractors who meet program size standards.

19. The SBA's interim final rule on the PPP provides the following information as to who is eligible for a PPP loan:

> You are eligible for a PPP loan if you have 500 or fewer employees whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, and:
>
> i. You are:
>
> A. A small business concern as defined in section 3 of the Small Business Act (15 USC 632), and subject to SBA's affiliation rules under 13 CFR121.301(f) unless specifically waived in the Act;

    B. A tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC), a tax-exempt veterans organization described in section 501(c)(19) of the IRC, Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business; and

    ii. You were in operation on February 15, 2020 and either had employees for whom you paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC. You are also eligible for a PPP loan if you are an individual who operates under a sole proprietorship or as an independent contractor or eligible self-employed individual, you were in operation on February 15, 2020. You must also submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099-MISC, or income and expenses from a sole proprietorship. For borrowers that do not have any such documentation, the borrower must provide other supporting documentation, such as bank records, sufficient to demonstrate the qualifying payroll amount.

    13 CFR Part 120, pp. 5-6.

20.  The "General Eligibility" section of the PPP loan lender application form lists only two requirements for a PPP loan to be approved:

- The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan; and,

- The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

    SBA Form 2484

21.  Plaintiff qualifies as an eligible applicant for a PPP loan under the SBA guidelines.

22.  Plaintiff did not have a business checking account with Frost Bank as of April 1, 2020, and was thus ineligible to apply for a PPP loan under Frost Bank's self-declared criterion that created an impermissible restriction upon, and violated, the CARES Act.

23.     Nothing in the CARES Act allows for the differentiation of a small business loan under the federal program between a bank's preexisting business clients and other businesses that were not active business checking account customers of Frost Bank as of April 1, 2020. And, nothing in CARES Act allows Frost Bank to determine who can participate in the federal program based on its own improper criteria, including its impermissible restriction that Plaintiff must have been a client of Frost Bank with an existing business checking account with Frost Bank as of April 1, 2020.

24.     The purpose and motivation behind Frost Bank's discriminatory practice is transparent. In light of the fact that PPP is a limited funding program, Frost Bank has decided to prioritize its balance sheet by supporting preexisting loans issued by Frost Bank through the PPP program at the expense of small businesses that do not have a lending or commercial banking relationship with Frost Bank. Had Congress intended to allow banks, like Frost Bank, to limit access to the PPP funding program to only those small businesses that had a borrowing or commercial banking relationship with the bank, Congress would have said so. The purpose, however, of the PPP law is to assist **all** (not just some) small businesses who qualify under the SBA rules and to provide equal access to those funds on a first-come-first-served basis.

25.     Nevertheless, Frost Bank repeatedly states that eligibility is limited only to small businesses that are their existing customers as of April 1, 2020, with a business checking account.[2] This arbitrary limitation is contrary to the law, and has greatly damaged Plaintiff and the Class.

26.     Indeed, U.S. Senator Marco Rubio criticized another bank (Bank of America) for a similar restrictive requirement, saying via Twitter, "The requirement that a #SmallBusiness not just have a business account but also a loan or credit card is NOT in the law we wrote & passed or in the regulations." *See* the following:

---

[2] See attached **Exhibit – A**, obtained at *https://www.frostbank.com/COVID-19/CARESAct.*



27. Similarly, Senator Ben Cardin issued the following Statement on Launch of the Paycheck Protection Program:

> I am deeply troubled by reports of financial institutions turning away small businesses that desperately need capital through the Paycheck Protection Program. The small business provisions in the CARES Act were written to get funds into the hands of American small business owners as quickly as possible so they can keep employees on payroll and avoid financial ruin while we work to combat COVID-19. **Creating artificial barriers that block businesses from much-needed capital is redlining by another name**. I will continue working with the administration to ensure that small businesses in every community have access to the programs created by the CARES Act, including the emergency EIDL grant program and the Paycheck Protection Program. [emphasis supplied].

8

28. Frost Bank, like Bank of America, is engaging in unacceptable, shameless and brazen behavior it knows violates the statute. In case Frost Bank believes to be on the right side of the law, the above U.S. Senators (the very authors of the CARES Act themselves), could not have stated it more plainly that requiring PPP loan applicants to have a preexisting business relationship with a bank violates the statute because such a requirement was neither intended nor placed in the CARES Act.

## V.
## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

30. Plaintiff, in accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), brings this action on behalf of himself and as a member of the Class defined below.

31. The Class consists of (a) all individuals or entities who qualify for a loan under the PPP and (b) who were prevented from even applying for a PPP loan by Frost Bank solely because they do not have a pre-existing business checking and/or debt relationship with Frost Bank.

32. The Class is so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1). The Class consists of individuals and companies throughout the country.

33. There are questions of law and fact common to the Class (or to a sub-class, should the Court decide to limit or change the class definition during pendency of this class action). See Fed. R. Civ. P. 23(a)(2). These common questions include, but are not limited to:

    A.    Whether Frost Bank wrongly imposed additional requirements for PPP loans for a financial purposes purpose not iterated in the CARES Act; thereby, penalizing small businesses that the U.S. Government intended to benefit from PPP loans for not having a business checking account and/or debt relationship with the Defendant;

    B.    Whether Frost Bank wrongly denied qualifying small businesses from applying to Frost Bank for PPP loans;

  C. Whether Frost Bank purposely designed, employed and maintained a system that was inadequate to protect small businesses qualified to receive a PPP loan;

  D. Whether Frost Bank failed to design, employ and maintain a system that was adequate to protect small businesses qualified to receive a PPP loan;

  E. Whether Frost Bank made representations on its website and elsewhere to discourage and/or disallow small businesses that did not have a prior business relationship (or at least a business checking account with Frost Bank as of April 1, 2020) from receiving a PPP loan;

  F. Whether Frost Bank's actions and / or omissions violated the CARES Act;

  G. Whether Frost Bank's actions and / or omissions caused small businesses that did not have a prior business relationship (or at least a business checking account with Frost Bank as of April 1, 2020) to miss the opportunity of timely applying for, and receiving, a PPP loan.

34. Plaintiff's claims, which arise out of Frost Bank's prohibition of qualifying small businesses to apply for PPP loans with Frost Bank, are typical of the claims of the Class members. Likewise, Defendant's defenses to Plaintiff's claims – both the myriad of legal defenses that can be anticipated, together with the factual defenses – are typical of the defenses to the Class claims. See Fed. R. Civ. P. 23(a)(3).

35. Plaintiff will fairly and adequately represent and protect the interests of the Class. See Fed. R. Civ. P. 23(a)(4). Plaintiff is articulate and knowledgeable about his claims, and fully able to describe them. There are no conflicts of interest between Plaintiff with respect to the interests of the Class members. Plaintiff, like the Class members, has suffered tremendous financial loss as a result of Defendant's brazen acts.

36. Counsel for Plaintiff is well-suited to represent his interests and the interests of the Class at large. Plaintiff has retained competent counsel experienced in complex federal litigation and class actions (including class actions under other federal statutes such as the Fair Labor Standards Act and the Fair Credit Reporting Act), who will vigorously and competently prosecute the claims Plaintiff and Class members assert.

37. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1). Prosecuting separate actions would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2). Frost Bank will continue to commit the violations alleged, and the members of the Class and the general public will continue to be unfairly denied access to critical relief that they are entitled to under the CARES Act's PPP. Frost Bank has acted and refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole. Time is of the essence, as the PPP funds are limited and are to be distributed on a first-come-first-served basis.

39. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3). The questions of law or fact common to the members of the Class, described above, predominate over any questions affecting only individual members.

40. Due to the individual amount at issue as to each Class member, as well as the cost and difficulty in litigating each case separately, the Class members have insufficient interest in individually controlling the prosecution of separate actions. See Fed. R. Civ. P. 23(b)(3)(A). This is especially true in the present economic environment that leaves many small businesses struggling and with dwindling financial resources to commence litigation individually.

41. The Class has not previously litigated the claims asserted in this complaint. See Fed. R. Civ. P. 23(b)(3)(B).

42. This Court is more than an appropriate forum for the litigation of the Class claims. Counsel for Class Plaintiff has litigated, for many years, before the Honorable Judges in the

Southern District of Texas, and each is highly qualified to serve and dispense the justice this matter demands in this unusual time in our country.

43. Any difficulties that might be incurred in the management of this class action are insubstantial. See Fed. R. Civ. P. 23(b)(3)(D).

44. For these reasons, a class action is clearly superior to other available methods for the fair and efficient adjudication of this controversy. Certification is thus appropriate under Rule 23(b)(1) or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## VI.
## CLAIMS FOR RELIEF

### COUNT ONE:
### Violations of the CARES Act, H.R. 748

45. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

46. The CARES Act, a $2 trillion stimulus package in response to the COVID-19 pandemic that was signed in to law on March 27, 2020, includes the PPP, which empowers lenders to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses.

47. There is an implied cause of action arising under the CARES Act.

48. The CARES Act is the single largest piece of legislation in U.S. history enacted in response to a world-wide health crisis, and the Defendant would be hard-pressed to deny that the Act's principal purpose was to immediately provide individuals and businesses humanitarian aid and assistance. The statute, unlike Defendant, is humanitarian in nature.

49. The CARES Act, along with the SBA's interim final rule on the PPP, provides the sole eligibility requirements to apply for a PPP loan.

50. The purpose of the CARES Act's PPP is to assist all entities and individuals who qualify and to provide equal access to those funds.

51. In flagrant disregard for law, Frost Bank has nevertheless decided to protect itself through the PPP program – rather than the intended U.S. businesses and individuals – by creating an unnecessary impediment to apply for a PPP loan from it – a preexisting business checking account and / or a commercial relationship with Frost Bank.

52. Plaintiff and members of the Class met the eligibility requirements for a PPP loan. Nevertheless, Frost Bank refused to allow Plaintiff and similarly situated members of the Class to apply for a PPP loan because they did not have a preexisting commercial banking relationship with Frost Bank.

53. As a direct and proximate result of Frost Bank's wrongful actions, Plaintiff and Class members have suffered damages up to $10 million each due their inability to apply for a PPP loan with Frost Bank despite being otherwise eligible to apply. Frost Bank should now be held liable for these damages.

**COUNT TWO:**
**Violations of the SBA's 7(a) Loan Program, 15 U.S.C. 636(a)**

54. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

55. The SBA's 7(a) loan program is designed to help start-up and existing small businesses obtain financing when they might not otherwise be eligible for business loans. Under the program, a participating lender executes the loan with the borrower according to specific SBA requirements.

56. The PPP is part of the SBA's 7(a) loan program.

57. There is an implied cause of action arising under the SBA's 7(a) loan program.

58. In flagrant disregard for law, Frost Bank has chosen to protect itself through the SBA's 7(a) PPP program – rather than intended U.S. businesses and individuals – by creating an unnecessary impediment to apply for a PPP loan from it – a preexisting business checking account and / or a commercial relationship with Frost Bank.

59. Plaintiff and members of the Class met the eligibility requirements for a PPP loan. Nevertheless, Frost Bank refused to allow Plaintiff and similarly situated members of the Class to apply for a PPP loan because they did not have a preexisting commercial banking relationship with Frost Bank.

60. As a direct and proximate result of Frost Bank's wrongful actions, Plaintiff and Class members have suffered damages up to $10 million each due their inability to apply for a PPP loan with Frost Bank despite being otherwise eligible to apply. Frost Bank should now be held liable for these damages.

**COUNT THREE:**
**Declaratory Judgment and Preliminary and Permanent Injunction**
**Pursuant to 28 U.S.C. §§ 2201 and 2202**

61. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

62. There is an actual controversy between Frost Bank and the Class (including Plaintiff) concerning the application of the PPP.

63. Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

64. Frost Bank wrongfully prevented business entities and individuals from applying for PPP loans from Frost Bank, despite meeting all federally-imposed PPP loan eligibility requirements, for lack of a business and / or lending relationship with Frost Bank.

65. Accordingly, Plaintiff and members of the Class seek a declaration that Frost Bank's requirement that applicants have a business and / or lending relationship with Frost Bank in order to apply for a PPP loan be declared void, invalid and unenforceable.

66. Plaintiff and the Class are likely to succeed on the merits of their causes of action set forth in Counts I and II.

67. Plaintiff and the Class have suffered and will continue to suffer irreparable harm in the absence of injunctive relief enjoining Frost Bank from depriving Plaintiff and the Class from the rights and benefits bestowed by the CARES Act and its regulations, and do not have an adequate remedy at law.

68. Frost Bank will suffer no injury if the Court grants the preliminary injunctive relief that Plaintiff and the Class seek.

69. The public interest will be served if the Court grants the preliminary injunctive relief that Plaintiff and members of the Class seek.

## VII.
## DEMAND FOR JURY TRIAL

70. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and members of the Class herein make formal demand for a trial by jury.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class (and any future sub-classes), prays for the following relief from this Honorable Court:

   a. Pursuant to Fed. R. Civ. P. 23, certify this civil action as a class action, designate Plaintiff as Class representative, and appoint counsel for Plaintiff as Class Counsel;

   b. Preliminarily and permanently enjoin Frost Bank from engaging in the wrongful and unlawful conduct alleged herein, viz., depriving Plaintiff and members of the Class from the rights and benefits bestowed by the CARES Act and its regulations;

c. Direct Frost Bank to make available to Plaintiff and to members of the Class all of the rights and benefits under the CARES Act and its regulations;

d. Award damages, including compensatory, exemplary, and statutory damages, to Plaintiff and to each member of the Class in an amount to be determined at trial, for the acts complained of herein;

e. Award Plaintiff and members of the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

f. Award Plaintiff and members of the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

g. Grant all other and further relief to which Plaintiff and members of the Class are entitled by law or in equity as may be determined by the Court to be just, equitable and proper.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ *Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Edward L. Scherer**
**and for Members of**
**the nationwide Class**